ORDERED.

Dated: December 22, 2025

_____
Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| In re | ) | |
|---|---|---|
| | ) | |
| The Kidwell Group LLC, | ) | Case No. 6:24-bk-02024-LVV |
| | ) | Chapter 11 |
| Debtor. | ) | Subchapter V |
| | ) | |
| | ) | |
| The Kidwell Group LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 6:25-ap-00025-LVV |
| v. | ) | |
| | ) | |
| Tower Hill Insurance Exchange, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Plaintiff, The Kidwell Group LLC, as a Reorganized Debtor ("Debtor"), brings this adversary proceeding against Defendant, Tower Hill Insurance Exchange ("Tower Hill") to recover, under various insurance contracts that homeowners assigned to Debtor, payment for services provided to homeowners. The amended complaint consists of 48 counts and over 700 paragraphs of allegations.[1] In count one, Debtor objects to Tower Hill's proof of claim. For the

---

[1] The amended complaint identifies counts by Roman numeral. For ease of reference, the Court refers to the amended complaint counts with its corresponding Arabic numeral.

1

remaining 47 counts, Debor, as assignee, asserts claims for breach of 47 different insurance contracts under Florida law against Tower Hill. In the Motion to Dismiss, Tower Hill asserts that counts two through 48 of the amended complaint should be dismissed for lack of jurisdiction.[2] Tower Hill argues that these breach of contract claims fall outside this Court's limited post-confirmation jurisdiction because there is no close nexus to the bankruptcy plan or proceeding. This Court agrees.

## Background Facts

Debtor provides residential and commercial indoor air quality testing and forensic engineering inspections to customers throughout Florida.[3] These services include mold, asbestos and leak testing and detection.[4] Debtor's business model relies heavily on an assignment of benefits relationship with customers, where customers assign Debtor their rights to pursue insurance coverage for work performed by Debtor ("AOB").[5] As a result, Debtor frequently litigates with insurance companies to collect unpaid invoices.[6] According to Debtor, a 2022 change in Florida law governing assignment of benefits impacted Debtor's business model.[7]

On April 25, 2024, Debtor filed a petition for relief under the Bankruptcy Code electing to proceed under subchapter V of chapter 11.[8] During the chapter 11 case, Debtor continued to prosecute claims under the AOBs in Florida courts, many in small claims court. To further those

---

[2] Doc. No. 15. Debtor filed a response to the Motion to Dismiss (Doc. No. 16). A hearing on the motion to dismiss and response occurred on August 5, 2025.
[3] *In re The Kidwell Group LLC*, Case No. 6:24-bk-02024-LVV (Bankr. M.D. Fla. April 25, 2024) ("Main Case"), Doc. No. 232, Exh. A.
[4] Main Case Doc. No. 232, Exh. A.
[5] Main Case Doc. No. 232, Exh. A.
[6] Main Case Doc. No. 232, Exh. A. *See also* Main Case Doc. No. 4. Debtor's Case Management Summary describes that this "frequent litigation that stems from" Debtor's business model requires Debtor to hire attorneys—approximately 20 law firms.
[7] Main Case Doc. No. 232, Exh. A.
[8] Main Case Doc. No. 1.

efforts, Debtor obtained approval to hire several attorneys as special counsel and received authority to settle certain small claims without the need for further approval.[9]

Debtor filed its Chapter 11 Small Business Subchapter V Plan of Reorganization on July 23, 2024, which was subsequently modified or amended (the "Plan").[10] The Plan provides that Debtor will continue operation of its business in the ordinary course and "continue to aggressively seek the recovery of its Accounts Receivables" to fund plan payments.[11] Under Retention of Jurisdiction, the Court retains jurisdiction over a broad category of matters including "[a]ny adversary proceedings or contested matters or other Causes of Action brought by the Debtor or Reorganized Debtor,…or other proceedings calculated to generate payments to Holders of Allowed Class 15 Claims."[12] Causes of Action is defined broadly to include any and all of the estate's or Debtor's actions or claims with no time limitation.[13] Neither the definition of Causes of Action nor the Plan's Retention of Jurisdiction language reference any specific litigation pending or to be filed. Nor do these provisions limit or specify a particular type of litigation claim.

The Court confirmed the Plan by order dated October 30, 2024 (the "Confirmation Order").[14] The Confirmation Order provides that the "Court retains jurisdiction for any and all matters that may come before the Court in the administration of the Plan, as modified herein (including, without limitation, actions as those matters contemplated by the Plan) and pursuant to

---

[9] Main Case Doc. Nos. 55, 82. During this case, Debtor filed applications to employ four different law firms as special litigation counsel to proceed with breach of contract claims based on the AOBs against various insurance companies in the state courts, which the Court approved. Main Case Doc. Nos. 48, 103, 104, 116.
[10] Main Case Doc. Nos. 97, 117, 188, 232. The Final Plan of Reorganization is attached as Exhibit A to Order Confirming Subchapter V Plan of Reorganization.
[11] Main Case Doc. No. 232, Exh. A. Final Plan of Reorganization Art. VI, ¶ A.
[12] Main Case Doc. No. 232, Exh. A. Final Plan of Reorganization Art. VII, ¶ I. Class 15 claims are Allowed General Unsecured Claims.
[13] Main Case Doc. No. 232, Exh. A. Final Plan of Reorganization Art. I, ¶18.
[14] Main Case Doc. No. 232.

the Order of Confirmation." The Plan became effective on November 14, 2024 and Debtor (now the Reorganized Debtor) has been operating under the confirmed Plan.[15]

Debtor filed this adversary proceeding in February 2025. Debtor then filed five more adversary proceedings against other insurance companies asserting similar breach of contract claims under numerous assignments of benefits given by customers (collectively the "AOB Proceedings"). Those actions are:

| Date Filed | Adv. No. | Defendant | Counts[16] |
|---|---|---|---|
| 5/15/25 | 6:25-ap-00065-LVV | ASI Preferred Insurance Corp. | 140 |
| 5/15/25 | 6:25-ap-00066-LVV[17] | Certain Underwriters at Lloyds London | 26 |
| 7/24/25 | 6:25-ap-00103-LVV[18] | First Protective Insurance Company | 253 |
| 7/24/25 | 6:25-ap-00105-LVV[19] | State Farm Florida Insurance Company | 262 |
| 7/24/25 | 6:25-ap-00106-LVV | Citizens Property Insurance Corporation | 720 |

In all, Debtor has filed 1,448 causes of action in this Court based on assignments of benefits that make up a major part of its business model.[20]

## Legal Analysis

Tower Hill argues that all counts asserting AOB breach of contract claims ("AOB Claims") in the amended complaint should be dismissed with prejudice because the Court lacks jurisdiction. For the bankruptcy court to exercise post-confirmation jurisdiction, two criteria must be met—subject-matter jurisdiction must exist and jurisdiction must be retained in the confirmed plan.

---

[15] Main Case Doc. No. 239.
[16] The Court excludes the first count of each complaint which objects to the Defendant's claim.
[17] This proceeding was dismissed without prejudice on November 11, 2025 pursuant to the parties' stipulation.
[18] Defendant has filed a Motion to Withdraw the Reference.
[19] Defendant has filed a Motion to Withdraw the Reference
[20] The Court highlights the sheer number of claims to emphasize how this is part of Debtor's standard operating procedure.

*Jeffrey L. Miller Investments, Inc. v. Premier Realty Advisors, LLC, (In re Jeffrey L. Miller Investments, Inc.)*, 624 B.R. 913, 916 (Bankr. M.D. Fla. 2021). Even if the parties do not raise the issue of subject matter jurisdiction, the Court has the authority and duty to consider the matter *sua sponte*. *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). Here, the Court's jurisdiction is based on the counts being "related to" a case under Title 11. Under 28 U.S.C. § 1334(b),"district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." It is generally accepted that once a chapter 11 plan is confirmed, the bankruptcy court's "related to" jurisdiction narrows. *Miller Investments*, 624 B.R. at 915 (citing a collection of cases in agreement).

The bankruptcy court's post-confirmation "related to" jurisdiction exists when there is a close nexus to the bankruptcy plan or proceeding. *Miller Investments*, 624 B.R. at 916 (citing *Kachkar v. Bank of Am. (In re Kachkar)*, 769 F. App'x 673, 679 (11th Cir. 2019)(unpublished))). Typically, matters affecting "interpretation, consummation, execution, or administration of a confirmed plan" will have the requisite close nexus. *Id*. at 916-17. Courts generally agree that a close nexus does not exist simply because the claims are "a means by which some creditors may get an additional recovery." *See Nu Ride Inc., v. Certain Underwriters at Lloyds, London (In re Nu Ride Inc.)*, Case No. 23-10831, 2025 WL 1600566, *7 (Bankr. D. Del. 2025)(concluding no subject matter jurisdiction over insurance coverage action); *Equipment Finders Inc. of Tenn. v. Fireman's Fund Ins. Co. (In re Equipment Finders, Inc.)*, 473 B.R. 720, 732-33 (Bankr. M.D. Tenn. 2012) (collecting cases).

Debtor argues that a close nexus exists for the AOB Claims because it is part of the Plan's treatment of creditors. Under the Plan, general unsecured creditors will receive a pro rata share of

the net proceeds recovered from all "Causes of Action" as defined in the Plan.[21] Causes of Action is defined broadly and does not include reference to any specific claims or types of claims, nor does it identify any litigation targets. The Plan also provides that the net recovery proceeds will be paid after payment of professional fees and costs associated with the claims, administrative claims, claims secured by collateral and priority claims. In other words, the proceeds of Causes of Action will be paid to all creditors in their order of priority. The Plan further provides that unsecured creditors will receive Debtor's projected disposable income or actual disposable income, whichever is greater. Debtor attaches to the Plan projections to support this distribution.

Here, the AOB Claims lack the necessary nexus to the Plan. They do not affect interpretation, consummation, execution, or administration of the Plan. Although recovery from the AOB Claims could impact the treatment of creditors, such impact is incidental and not direct. This type of incidental impact is not enough to confer jurisdiction. The AOB Claims are part of the Debtor's day-to-day business operations, not a reorganization. Yes, creditors' claims may receive payment if Debtor prevails on the AOB Claims but this is similar to any business using proceeds from post-confirmation operations to fund a plan. This is evident because proceeds of the AOB Claims benefit unsecured creditors only after payment of expenses, administrative claims, certain allowed secured claims and priority claims. The Plan places no significance on the AOB Claims or indicate that such claims are anything other than standard operating procedure for Debtor's business. Like the insurance claims in *Nu Ride*, the fact that the AOB Claims may result in increased recovery to creditors is not enough to confer jurisdiction. *Nu Ride*, 2025 WL 1600566 at *7.

---

[21] Main Case Doc. No. 232, Exh. A. Final Plan of Reorganization Art. V, ¶ C.

This ruling should not be interpreted to conclude that all post-confirmation litigation to recover amounts owed to a debtor is outside the Court's jurisdiction. Instead, this ruling is occasioned by the AOB Proceedings being a central part of Debtor's day-to-day operations. A conclusion that the Court has jurisdiction over the AOB Claims would expand the Court's jurisdiction to a degree that would allow debtors to bring nearly all claims before the bankruptcy court. Such a result contradicts the Court's limited jurisdiction after confirmation.

The Court also questions whether the Plan sufficiently retained jurisdiction over the AOB Claims. There is no specific reference to the AOB Claims in the plan, nor is there reference to these types of claims. Instead, the Plan has a very generic retention of jurisdiction over all claims and broadly defined Causes of Action. The Plan then goes on to provide stay relief for insurance companies to defend themselves in state court and procedures for resolving claims they may have against the Debtor for fees and costs—all of which indicate Debtor's AOB claims would be pursued in state court and not this Court.[22] Although such generic retention of jurisdiction language may be sufficient in other circumstances, it likely would not suffice here given the magnitude of the AOB Claims, their relation to Debtor's ongoing operations, and the contradictory language in the Plan. Because the Court rules that subject matter jurisdiction in lacking, the Court need not decide whether the Plan sufficiently retained jurisdiction.

The Court also concludes that the amended complaint must be dismissed because Debtor failed to comply with this Court's Local Rule 3020-1 which requires all adversary proceedings be commenced no later than 60 days after entry of the Confirmation Order. This adversary proceeding and the AOB Proceedings were filed more than four months after entry of the Confirmation Order. Debtor never sought or obtained an extension of the deadline. Bankruptcy Courts, where delegated,

---

[22] Main Case Doc. No. 232, Exh. A.  Final Plan of Reorganization Art. VI, ¶ D.3.

have the authority to promulgate local rules provided those rules are consistent with the Federal Rules of Bankruptcy Procedure and do not limit the use of official forms. *See In re Steinacher*, 283 B.R. 768 (9th Cir. BAP 2002). Such authority has been granted to this Court. *See* District Court Admin. Order 92-001-MIS-TPA. This adversary proceeding and the proceedings cited herein are each due to be dismissed for failure to comply with Local Rule 3020-1.

In conclusion, the Court lacks subject matter jurisdiction over the AOB Claims in this adversary proceeding and the AOB Proceedings because the AOB claims are not sufficiently "related to" to Debtor's bankruptcy case in this post-confirmation posture under 28 U.S.C. § 1334(b). The AOB claims in this adversary proceeding and the AOB Proceedings are likewise untimely. As a result, counts with AOB claims in this adversary proceeding and the AOB Proceedings must be dismissed. The Court will enter a separate order consistent with this memorandum opinion.

###

The Clerk is directed to serve a copy of this order on interested parties.